UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RAYMOND W. STEPHENS**<br><br>              **Plaintiff,**<br><br>      v.<br><br>**U.S. DEPARTMENT OF LABOR**<br><br>              **Defendant.** | )<br>)<br>)<br>)<br>)   Civil Action No. 07-0858 (HHK)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

The Department of Labor ("DOL") hereby answers Plaintiff's Amended Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Answering the unnumbered paragraphs of Plaintiff's Amended Complaint (R. 2), DOL states as follows:

First Unnumbered Paragraph (on page 1 of the complaint)

First sentence: This sentence is plaintiff's statement of jurisdiction, to which no response is necessary. Second sentence: Defendant admits the allegations in the second sentence to the extent that Plaintiff filed a Form EE-1 claiming for beryllium sensitivity, arterial sclerosis and shortness of breath under EEOICPA. Third sentence: Defendant admits the allegations in the third sentence to the extent that Plaintiff received a final decision under Part B of EEOICPA on July 20, 2005, concluding that he was entitled to compensation for his chronic beryllium disease.

1

Fourth Sentence: Defendant admits the allegations contained in the fourth sentence, to the extent that Plaintiff's employment for Loral American Beryllium Company was found to have occurred from June 20, 1980 to June 22, 1992.

Second Unnumbered Paragraph (top of page two, commencing with "On March 22, . .")

First - Fourth sentences: Admitted. Fifth sentence: This sentence contains Plaintiff's opinion of the probative value of the document submitted in support of Plaintiff's claim. To the extent that a response is required, the fifth sentence is denied. Sixth sentence: The sixth sentence contains Plaintiff's legal argument to which no response is required.

Third Unnumbered Paragraph (commencing with "These documents . . .")

First sentence: This sentence contains Plaintiff's legal argument to which no response is required. To the extent that a response is required, Defendant admits that the definition of a "DOE facility" is found at 42 U.S.C. § 7384l(12). Second sentence: This sentence contains Plaintiff's legal argument to which no response is required.

Fourth Unnumbered Paragraph

This one-sentence paragraph contains Plaintiff's legal argument to which no response is required. To the extent that a response is required, Defendant denies the allegation.

Fifth Unnumbered Paragraph

The one-sentence paragraph contains Plaintiff's prayer for relief, which does not require a response.

DOL specifically denies each allegation of Plaintiff's Complaint not otherwise answered. Therefore, having full answered the Amended Complaint, DOL prays judgment:

1. That Plaintiff is not entitled to the relief requested in his Amended Complaint, or to any relief;

2. That judgment be entered for the Defendant and that this action be dismissed with prejudice;

3. That this Defendant be awarded its costs of suit; and,

4. That this Defendant be granted any and all other relief that the Court deems just and proper.

>Respectfully submitted,
>
>/s/
>JEFFREY A. TAYLOR , D.C. Bar # 498610
>United States Attorney
>
>/s/
>RUDOLPH CONTRERAS, D.C. Bar # 434122
>Assistant United States Attorney
>
>/s/
>CLAIRE WHITAKER, D.C. Bar # 354530
>Assistant United States Attorney
>United States Attorneys Office
>Civil Division
>555 4th Street, N.W., Room E-4204
>Washington, D.C. 20530
>(202) 514-7137

OF COUNSEL:

Silvia Dominguez
Attorney
U.S. Department of Labor
Office of the Solicitor
Division of Federal Employees' and
Energy Workers' Compensation