**RECEIVED**

FEB 1 1 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Raymond W Stephens                              February 4, 2008

1660 Whitehead Drive

Sarasota, Florida   34232

941-953-9628

                                             CIVIL ACTION NO.   07 0858 HHK
        VS

US DEPARTMENT OF LABOR          DEEOIC

EMPLOYMENT STANDARDS ADMINISTRATION

OFFICE OF WORKERS COMPENSATION PROGRAMS

DIVISION OF ENERGY EMPLOYEES OCCUPATIONAL ILLNESS COMPENSATION

FINAL ADJUDICATION BRANCH

400 WEST BAY STREET ROOM 722

JACKSONVILLE, FLORIDA    3220

## **MOTION FOR INITIAL SCHEDULING CONFERENCE**

I am in receipt of Initial Scheduling Conference Dated January 29, 2008 by Judge Kennedy.
Due to Ill Health I am incapable of attending the hearing Of February 29, 2008 in court room A at 11:15 AM and do Hereby request from the court the opportunity to attend via Telephone Conference. My Number is 941-953-9628

In the matter of local rule 16.3, the defense and I Have already answered that Request Jointly on 6/17/07. (Find Attached.)

I have submitted all evidence in my possession and Have no other to submit, therefore discovery on my Part has been fulfilled.

Since I have No legal Education I simply want the Judge to review the Evidence I have submitted and rule on It accordingly.
This court has jurisdiction over this complaint due to 42 U.S.C. § 7385s-6.
On August 3, 2004, I filed a form EE-I, Claim for Benefits under the EEOICPA. A previous Final Decision was issued by the Department of Labor under Part B of the Act on July 20, 2005,
Concluding that I was entitled to compensation for chronic beryllium disease. The evidence of record shows that I

worked for American Beryllium Company (ABC) from 1980 to 1992.

On March 22, 2006, the Jacksonville District Office issued a recommended decision under Part E of the Act, concluding that I was not entitled to benefits since I was not a Department of Energy (DOE) contractor employee. Attached to the recommended decision was a notice of Claimant rights, which stated that I had 60 days in which to file an objection to the recommended decision and/or request a hearing. On May 23, 2006, the Final Adjudication Branch received my letter of objection. I requested a reconsideration of the case on November 17, 2006 and was denied. As evidence submitted indicates, these two letters make it very clear that Rocky Flats instructs Loral American Beryllium Company to lease a Zeiss measuring machine with Rocky Flats assuming the lease responsibility of $434,937.  The system becomes **Government-furnished property of approximately 100 sq ft as well as with a specially poured cement foundation measuring 10'x10' x 18" deep to support this delicate measuring device and with special insulation around the entire "Q" Building to insure against infrared and other emissions for safeguard. The cost of all is incorporated into the cost of the parts being manufactured under Contract.**

"These documents show that Loral (ABC) meets the definition of DOE facility because they show that Loral was doing work on behalf of DOE (as subcontractor) (see Section 73841 (12)(A)) and that DOE, through Rockwell (the operator of Rocky Flats, a DOE facility) had a proprietary interest in the Loral facility, as required by Section 73841 (12)(B)i)." By installing a specially poured cement floor to support the Zeiss, thereby making it part of the building -- rendering the building "Proprietary Interest".

These documents show that Loral American Beryllium should have been classified as a DOE Facility and not as a "Vendor" therefore making Loral American Beryllium employees eligible for compensation under EEOICPA Part E.

The purpose of this Court Action is to reverse the DOL Final Decision of November 9, 2006 as stated and reclassify American Beryllium Company from Vendor to DOE Facility thereby allowing all employees at ABC eligible for EEOICPA Part E Compensation.

I have placed Phone calls and emails to Counsel for the defense to resolve this case, they remain unanswered.

*[signature]*

Raymond W Stephens

1660 Whitehead Drive

Sarasota, Florida 34232

941-953-9628