UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYMOND W. STEPHENS,**<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF LABOR,**<br><br>Defendant. | Civil Action 07-00858 (HHK) |

ORDER DIRECTING PLAINTIFF TO RESPOND TO
DEFENDANT'S MOTION

This matter comes before the court upon defendant's motion for summary judgment [#21], filed March 17, 2008. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the D.C. Circuit held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice ... should include an explanation that the failure to respond ... may result in the district court granting the motion and dismissing the case." *Id.* at 509. Plaintiff is also referred to LCvR 7(b) which provides that a party has 11 days within which to respond to a motion. Otherwise, under certain circumstances, the court may treat the motion as conceded.

In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the D.C. Circuit stated that district courts must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion[s]" made in the movant's affidavits. *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The court in *Neal* also specified that the "text of Rule 56 (e) should be part of the notice" issued to the *pro se* litigant. *Id.* Rule 56 (e) of the Federal Rules of Civil Procedure provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's response, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, an adverse party to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; mere allegations that the moving party's affidavits are incorrect are not sufficient. *See Neal*, 963 F.2d at 457–58.

Accordingly, it is by the court this 24th day of March 2008,

**ORDERED** that plaintiff file his opposition to defendant's motion on or before April 21, 2008. If plaintiff fails to file a response or opposition to defendant's motion by this deadline, the court may enter judgment in favor of defendant.

                                                            Henry H. Kennedy, Jr.
                                                            United States District Judge