UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND W. STEPHENS )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF LABOR )<br>)<br>　　　　Defendant. )<br>_____) | No. 07-0858-HHK |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Introduction

By filing dated April 21, 2008, plaintiff has responded to Defendant's Motion for Summary Judgment in this Administrative Procedure Act ("APA") case wherein plaintiff challenges the Department of Labor's ("DOL") decision to deny him benefits under Part E of the Energy Employees Occupational Illness Compensation Program Act of 2000, 42 U.S.C. § 7384 et seq. ("EEOICPA").  Docket Entry # 25.  Defendant relies on the facts and arguments presented in its dispositive motion.  Id., # 21.  Plaintiff's response presents no facts or arguments to establish that the DOL's decision was "arbitrary and capricious" as required by the EEOICPA, 42 U.S.C. § 7385s-6(a) (similar standard as found in the APA).   Plaintiff simply attempts to submit new evidence and new arguments, not presented to the agency during the administrative process and, therefore, precluded from this Court's judicial review.   In sum, plaintiff has not met his burden of establishing that DOL's decision was "arbitrary and capricious."

Discussion

A.  Plaintiff Fails to Refute Defendant's Statement of Material Facts Not in Dispute.

Local Rule LCvR 7 and Fed. R. Civ. P. 56(e) require that when responding to a motion for summary judgment, the nonmoving party must set forth "a separate concise statement of

genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." See LCvR 7(h). If the nonmoving party fails to do so, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, . ." Id.

Defendant sets forth 17 material facts in its Statement of Material Facts Not in Dispute. Although plaintiff does provide the Court with a separate statement addressing defendant's statement of material facts, he only disputes four of these facts. See Plaintiff's Response at Statement of Material Facts Disputed, ## 4, 6, 8, 9. Moreover, in disputing these facts, plaintiff fails to provide references to the parts of the record relied on to support his factual assertions. In fact, he provides only his own interpretation of how the regulations should be read. Accordingly, defendant submits that plaintiff has not carried his burden of defending against defendant's motion for summary judgment.

B.  Defendant's Decision is Not "Arbitrary and Capricious."

Plaintiff, a successful claimant under Part B of EEOICPA, seeks in this case additional benefits under Part E.  See Plaintiff's Response at p. 4 of 20.   Plaintiff, however, admits that the Act does not clearly provide for the benefits he seeks and argues that Congress did intend the coverage he seeks. Id. at p. 6 of 20. He also argues that "it must be the case that there is a mistake in the way [42 U.S.C. 7385s-4(a)] is worded . . ." by Congress Id. at p. 5 of 20. However, "[w]aivers of sovereign immunity must be unequivocally expressed and narrowly construed,." Dorsey v. Dep't of Labor,  41 F.3d 1551, 1555 (D.C.Cir.1994). The statutory text of an Act of Congress remains the best evidence of congressional intent. See Tataranowicz v. Sullivan, 959 F.2d 268, 276 (D.C.Cir.1992).

Suffice it to say that Congressional enactments are better evidence of legislative intent than is congressional silence. Accordingly, defendant submits that this Court should not read into the language of the EEOICPA, entitlements that do not clearly appear there.

C. <u>Plaintiff Cannot Rely on Evidence Not in the Administrative Record.</u>

Plaintiff, in his response to defendant's motion, impermissibly introduces an argument that he did not raise at the administrative level and improperly relies on evidence that is not in the administrative record. On page 12 of his response, plaintiff argues that DOE had a proprietary interest in the facility at which he was employed, based on a new allegation that DOE required Loral American Beryllium Corporation ("LABC") to construct the facility and funded that construction. To support that allegation, plaintiff submits a copy of an affidavit of a former officer of LABC. (Exhibit 2, Declaration of George M. Allen Jr.). Defendant is unfamiliar with the litigation for which this affidavit was made, and is uncertain about the relevancy of the statement to the question of whether DOE had a proprietary interest as required by 42 U.S.C. § 7384l(12). Defendant also submits that plaintiff waived this argument when he failed to raise it during the course of the administrative adjudication of his claim pursuant to 20 C.F.R. § 30.313(c), which provides that "[a]ny objection that is not presented to the [Final Adjudication Branch] reviewer. . .whether or not the pertinent issue was previously presented to the district office, is deemed waived for all purposes."

Additionally, the Allen declaration is not part of the administrative record and, therefore, may not be considered by this Court in determining whether the agency decision met the requirements of the APA, or the "arbitrary and capricious" standard that applies to Part E of EEOICPA. The APA explicitly limits judicial review of a final agency decision to what was contained in the administrative record upon which the agency based its decision. 5 U.S.C. § 706. The Supreme Court has ruled that a court when reviewing an agency decision may not consider

affidavits that were not in the record at the time the agency made the decision. <u>Citizens to Preserve Overton Park, Inc. v. Volpe</u>, 401 U.S. 402, 419-420 (1971). The Court of Appeals for the District of Columbia Circuit has similarly held that supplemental affidavits were not admissible in a judicial review of an agency decision because they were not part of the administrative record. <u>IMS, P.C. v. Alvarez</u>, 129 F.3d 618, 624 (1997).

Conclusion

For the reasons set forth herein and in Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment [Docket Entry # 19], defendant respectfully requests this Court to deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

OF COUNSEL:

STEPHEN SILBIGER
Attorney
Division of Federal Employees' and Energy Workers' Compensation
Office of the Solicitor
U.S. Department of Labor

## Content

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing reply was served by First-Class mail, postage prepaid to:

> RAYMOND W. STEPHENS
> 1600 Whitehead Drive
> Sarasota, Florida 34232

on this 30th day of April, 2008.

_____/s/_____
CLAIRE WHITAKER
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137