UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND W. STEPHENS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF LABOR )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 07-0858-HHK |

DEFENDANT'S REPLY TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AMENDED MOTION FOR SUMMARY JUDGMENT
AND IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**Introduction**

On April 30, 2008, Plaintiff filed a Motion for Leave to File Amended Motion for Summary Judgment in this Administrative Procedure Act ("APA") case wherein Plaintiff challenges the Department of Labor's ("DOL") decision to deny him benefits under Part E of the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), 42 U.S.C. § 7384 *et seq*.  Docket Entry # 27.  Plaintiff also filed a Motion for Leave to File an Amended Motion for Summary Judgment.  Defendant submits that Plaintiff's motion to amend should be denied as the amendment is futile.  In addition, Defendant reaffirms the facts and arguments set forth in its dispositive motion and reply presently before this Court as its response to Plaintiff's new filing.  Id., # 21 and # 26.  Accordingly, even if the Court were to grant Plaintiff's motion to amend his complaint, he has presented no facts or arguments to establish that the DOL decision was "arbitrary and capricious" as required by EEOICPA, 42 U.S.C. § 7385s-6(a) (similar standard as found in the APA).  Instead, Plaintiff simply restates his previous arguments

and adds two irrelevant points in support of them. Thus, Defendant remains of the position that Plaintiff has not met his burden of establishing that DOL's decision is "arbitrary and capricious."

## Discussion

### A. Fed. R. Civ. P. 15(a) Provides that Motions to Amend Should be Freely Given, Except when Futile.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course and thereafter by leave of court, which "leave shall be freely given when justice so requires." However, in this case, the amendment would be futile. Defendant has already filed a motion for summary judgment based on the record before the Court. That motion establishes that the reasons for Defendant's decision were not arbitrary and capricious based on the record before the Court. "Much of the value of summary judgment procedure . . ..would be dissipated if a party were free to rely on one theory in an attempt to deflect a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory." In Re Greater Southeast Community Hospital, 2006 WL 2927577 (Bkrtcy.D.Dist.Col., 2006) (*quoting* Freeman v. Continental Gin Co., 381 F.2d 459, 469-70 (5th Cir. 1967). Because Plaintiff's new motion presents no grounds to conclude that Defendant's decision was arbitrary and capricious or contrary to law, Defendant respectfully renews his motion and adds the following arguments to it.

### B. Plaintiff Again In his New Filing Fails to Properly Refute Defendant's Statement of Material Facts Not in Dispute.

Local Rule LCvR 7 and Fed. R. Civ. P. 56(e) require that when responding to a motion for summary judgment, the nonmoving party must set forth "a separate concise

2

statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, <u>which shall include references to the parts of the record relied on to support the statement</u>." (Emphasis supplied).  <u>See</u> LCvR 7(h).  If the nonmoving party fails to do so, "the court may assume that facts identified by the moving party in its statement of material facts are admitted. . ." <u>Id</u>.

 Defendant sets forth 17 material facts in its Statement of Material Facts Not in Dispute.  Although Plaintiff again provides the Court with a separate statement in which he addresses Defendant's statement of material facts, he only disputes the same four he disputed earlier.  <u>See</u> Docket Entry # 27-2.  Furthermore, as was the case in his prior submission, Plaintiff fails again to provide references to the parts of the record relied on to support his factual assertions.  Accordingly, Defendant submits that Plaintiff has not carried his burden of defending against Defendant's motion for summary judgment.

 C.. Defendant's Decision is Consistent with the Plain Meaning
   <u>of the Statute and is Thus not Arbitrary and Capricious.</u>

 Plaintiff, a successful claimant who received a lump-sum payment of $150,000.00 under Part B of EEOICPA, seeks additional compensation under Part E of the Act.  <u>See</u> <u>Id</u>., p.1.  Plaintiff contends in his Amended Motion for Summary Judgment that DOL's decision denying his Part E Claim is arbitrary and capricious because he interprets the wording of 42 U.S.C. § 7385s-4(a) as indicating that Congress intended to extend Part E coverage to workers who were <u>not</u> employed at a Department of Energy (DOE) facility.  <u>Id</u>., p. 8.

3

The statutory provision at issue, which Plaintiff now argues extends coverage to individuals such as himself who were never employed at a DOE facility, reads as follows:

> (a) CASES DETERMINED UNDER PART B.—A determination under part B that a Department of Energy contractor employee is entitled to compensation under that part for an occupational illness shall be treated for purposes of this part as a determination that the employee contracted that illness through exposure at a Department of Energy facility.

42 U.S.C. § 7385s-4(a). Plaintiff asserts that the phrase "shall be treated for purposes of this part" indicates that Congress intended that some employees could qualify for Part E benefits even if they did not work at a DOE facility. See Docket Entry # 27-2, p. 8. His argument appears to be based on his belief that this is the only plausible understanding of the congressional intent that gave rise to the provision, because any other interpretation would not, in Plaintiff's words, give workers such as himself "anything that they don't already have." Id., p. 9.

Defendant submits that there is no merit to Plaintiff's argument. With one notable exception dealt with in another provision and discussed below, Congress intended Part E of EEOICPA to apply only to a "DOE contractor employee." The term "DOE contractor employee" is explicitly defined at § 7384l(11) of EEOICPA, which reads as follows:

> The term "Department of Energy contractor employee" means any of the following:
>
> (A) An individual who is or was in residence at a Department of Energy facility as a researcher for one or more periods aggregating at least 24 months.
> (B) An individual who is or was employed at a Department of Energy facility by –

4

>> (i) an entity that contracted with the Department of Energy to provide management and operating, management and integration, or environmental remediation at the facility; or
>> (ii) a contractor or subcontractor that provided services, including construction and maintenance, at the facility.

42 U.S.C. § 7384l(11).  Thus, when eligibility for Part E benefits under 42 U.S.C. § 7385s-4(a) is limited to "a Department of Energy contractor employee," it is limited to an individual who is or was in residence at a DOE facility as a researcher, or an individual who is or was employed at a DOE facility.  Plaintiff simply never worked at a DOE facility and is therefore not eligible for Part E benefits, despite the fact that he has been awarded benefits under Part B of EEOICPA as a "covered beryllium employee" as defined at 42 U.S.C. § 7384l(7).

As for the phrase "shall be treated for purposes of this part" in 42 U.S.C. § 7385s-4(a) upon which Plaintiff bases his claim for eligibility under Part E of EEOICPA, that particular phrase relieves claimants who have been awarded benefits under Part B of the burden of establishing causation for their accepted illnesses a second time under Part E, and thus is not the nullity that Plaintiff claims.  It expresses the congressional intent that individuals who have been determined to have contracted an occupational illness through exposure at a DOE facility under Part B are to be automatically covered under Part E.

Additional evidence that Congress intended to limit the Part E coverage granted by 42 U.S.C. § 7385s-4(a) to DOE contractor employees is evident in the structure of the Act, in that when it intended to provide those benefits to another group of individuals, it did so explicitly.  For example, Congress provided Part E coverage to certain uranium employees by enacting 42 U.S.C. § 7385s-5, which explicitly provides Part E coverage to those employees.  Under the principle of statutory construction known as *expressio unis*

*est exclusio alterius,* where a statute designates certain individuals for coverage, it is assumed that individuals not so designated are not covered. N. J. Singer, *Expressio Unis est Exlusio Alterius,* 2A SUTHERLAND STATUTORY CONSTRUCTION § 47:23 (7th ed.). Had Congress intended to include employees of beryllium vendors, such as the plaintiff, it is assumed that it would have specifically designated such employees, as it did certain uranium employees. The fact that it did not do so is persuasive evidence that it did not intend to cover employees of beryllium vendors under Part E of EEOICPA.

### D. A Decision Based, in Part, on the Use of State Law Does Not Render a Federal Agency Decision Arbitrary and Capricious.

Plaintiff's other new argument in his Amended Motion for Summary Judgment is that DOL may not "look to the law of a particular State to decide if an interest in property is proprietary." Docket entry # 27-2, p.17. In Plaintiff's opinion, doing so "means that the result depends in an 'arbitrary and capricious' way on where the worker lived and worked." Id. This argument is totally without merit. Courts have permitted agencies to use State law in applying Federal statutes. In U.S. v. Craft, 535 U.S. 274 (2002), the Supreme Court looked to a State property law to determine if an individual's property was subject to a Federal tax lien statute. In that case, the Court could not have made it clearer that it was using State law to determine the application of a Federal law when it stated the following:

> Whether the interests of respondent's husband in the property he held as a tenant by the entirety constitutes "property and rights to property" for the purposes of the federal tax lien statute, 26 U.S.C. § 6321, is ultimately a question of federal law. The answer to this federal question, however, largely depends upon state law. The federal tax lien statute itself "creates no property rights but merely attaches consequences, federally defined, to rights created under state law." (citing *United States v. Bess,* 357 U.S. 51, 55 (1958)). Accordingly, "[w]e look initially to state law to determine

what rights the taxpayer has in the property the Government seeks to reach, then to federal law to determine whether the taxpayer's state-delineated rights qualify as 'property' or 'rights to property' within the compass of the federal tax lien legislation." (citing *Drye v. United States,* 528 U.S. 49 (1999).

This ruling is consistent with previous Supreme Court rulings upholding the use of State law to determine the application of Federal law.  See, e.g., DeSylva v. Ballentine, 351 U.S. 570, 580 (1956) ("The scope of a federal right is, of course, a federal question, but that does not mean that its content is not to be determined by state, rather than federal law.")

## C0NCLUSION

For the reasons set forth herein, and in Defendant's dispositive motion and reply filed in this case, it is respectfully requested that Plaintiff's Motion to Amend his Complaint be denied, and that Defendant's Motion for Summary Judgment be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney


CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
 202-514-7137

OF COUNSEL:
Stephen Silberger
U.S. Department of Labor
Office of the Solicitor
Division of Federal Employees' and
   Energy Workers' Compensation

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing opposition and proposed order was served by First-Class mail, postage prepaid to:

> RAYMOND W. STEPHENS
> 1660 Whitehead Drive
> Sarasota, Florida 34232

on this 13th day of May, 2008.

                                                                           _____
                                                                           CLAIRE WHITAKER
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND W. STEPHENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-0858-HHK |
| ) | |
| DEPARTMENT OF LABOR ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ORDER**

Upon consideration of plaintiff's motion for leave to file an amended complaint and amended motion for summary judgment, defendant's reply thereto and motion for summary judgment which is supported by the administrative record, the opposition and reply thereto, it is this _____day of _____, 2008

ORDERED, that plaintiff's motion to amend is denied, and it is

FURTHER ORDERED, that plaintiff's motion and amended motion for summary judgment are denied, and it is

FURTHER ORDERED, that defendant's motion for summary judgment is granted. This civil action is dismissed, with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Raymond W. Stephens
1660 Whitehead Drive
Sarasota, Florida  34232

Claire Whitaker
Assistant U.S. Attorney
555 4th St., N.W. Room E-4204
Washington, D.C. 20530